226 August 12, 2026 No. 771

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINA ANN HERZOG,
*Defendant-Appellant.*

Klamath County Circuit Court
22CR49348; A185727

Stephen R. Hedlund, Judge.

Argued and submitted June 18, 2026.

Bruce A. Myers, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for reckless burning, ORS 164.335. In a single assignment of error, she contends that the trial court erred when it denied her motion for judgment of acquittal because the state failed to prove that she "consciously disregarded" a known risk. Because the record contained sufficient evidence for a rational factfinder to find the essential elements of reckless burning on the "starting the fire" theory, regardless of whether it did on the "failure to extinguish" theory, we affirm.

When reviewing the denial of a motion for judgment of acquittal, "[w]e do not weigh the evidence to reach our own verdict, but instead view the evidence in the light most favorable to the state and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. D. B. O.*, 326 Or App 384, 386, 532 P3d 921 (2023).

The elements of reckless burning are "(1) that the defendant performed an act that caused a fire or explosion so as to damage another person's property; (2) that the act presented such a substantial and unjustifiable risk of damaging the property that only a person demonstrating a gross deviation from a reasonable standard of care would perform it; and (3) that the defendant was aware of the risk and chose to disregard it." *State v. McBean*, 189 Or App 235, 238, 74 P3d 1127 (2003).

There is evidence in the record that would allow a rational trier of fact to find each of those elements. As to the first element, defendant testified that she started a fire which spread, and a fire investigator testified that the fire damaged land owned by the U.S. Forest Service. Thus, the first element, that defendant performed an act that caused a fire which damaged another person's property, could be found.

Second, a rational factfinder could also find that the act presented such a substantial and unjustifiable risk of damaging property that performing it would be a gross deviation from a reasonable standard of care. Starting a fire

under dry conditions poses a substantial risk of damaging the surrounding property. Defendant testified that she had climbed on top of the rocks against which the fire was lit and that there were "a couple smaller branches and stuff sticking out" which she fed to the fire. Defendant also testified that there were bushes nearby, and she did not have a way to put the fire out if it spread.[1] A rational factfinder could find it is a gross deviation from the reasonable standard of care to risk damaging property by setting a fire near flammable material in a dry forest without a way to put it out. Thus, the second element could be found.

Finally, a rational factfinder could also find the third element—that defendant was aware that the fire presented a risk of damaging nearby property and chose to disregard that risk. Defendant testified that she was aware that fire could spread quickly and cause damage to forest property, natural resources, people, and homes. Because defendant had been living in the area for three to four months prior to the fire, it can reasonably be inferred that she would have observed the particularly dry conditions regardless of whether she was aware of the burn ban. A factfinder could determine that defendant chose to disregard the risk of damaging property when she lit a fire in dry conditions near flammable materials without a way to put the fire out. Thus, the third element could be found.

Because a rational factfinder could find all the elements of reckless burning, the court did not err in denying defendant's motion for a judgment of acquittal.

Defendant argues that the question on appeal is limited to whether defendant was reckless in failing to properly *extinguish* the fire because that was the state's theory at trial. *Cf. State v. Ribas*, 374 Or 750, 762, 765, 583 P3d 1019 (2026) (in some cases, the state has been bound to a particular factual theory when it relied solely on that theory at trial). We disagree. The state's arguments at trial, though

---

[1] Defendant's testimony is difficult to follow, and the photographic exhibits referenced during that testimony and throughout the trial are not in the appellate record. We interpret her statements to mean that flammable materials, including branches and pine needles, were present near defendant's makeshift firepit, and many bushes were present in the surrounding area.

focused on defendant's failure to effectively put the fire out, encompassed both theories. The charging instrument alleged only that defendant unlawfully damaged land "by fire." The state made no opening statement and presented evidence that could apply to both theories. During closing argument, the state referenced the starting of the fire: "it's not just about the specific fire that she set that day, it's any fire that poses a risk to our community and property." And, in rebuttal, the state questioned the premise of defendant's choice of evils defense—specifically, whether lighting the fire was truly necessary—and argued that defendant could be convicted for lighting the fire. Therefore, the state is not bound to the "putting the fire out" theory on appeal.[2] Because a rational factfinder could have found each element of reckless burning from the evidence presented, we affirm.

Affirmed.

---

[2] For purposes of reviewing a motion for judgment of acquittal, it does not matter that the trial court ultimately found defendant guilty on the "failure to extinguish" theory rather than a "starting the fire" theory. The question is whether there was sufficient evidence in the record for a rational factfinder to find defendant guilty. *See State v. Morgan*, 361 Or 47, 61, 388 P3d 1085 (2017) ("[O]ur task is to determine whether there is evidence from which a reasonable trier of fact *could* find the elements of the crime. That the trial court did not find those elements does not mean that it reasonably could not have found them.").